# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI,<br><br>      Defendants. | C.A. No. 24-1025-JLH |

## [PROPOSED] PATENT (ANDA) SCHEDULING ORDER

This 25th day of November, 2024, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Court's Default Standard by December 9, 2024.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 26, 2025. Such motions must follow the provisions of Paragraphs 7(g) and 8.

3.     <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of 2 confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than December 23, 2024. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]pursuant to this order shall promptly notify that party of the motion  so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.     <u>Papers and Proceedings Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and

(2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> Magistrate Judges will no longer engage in alternative dispute resolution in patent cases. See District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7. <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    (a) <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before December 19, 2025.

    (b) <u>Document Production.</u> Document production shall be substantially complete by July 31, 2025.

    (c) <u>Requests for Admission.</u> A maximum of 25 requests for admission are permitted for each side.

    (d) <u>Interrogatories.</u>

        i. A maximum of 20 interrogatories, including contention interrogatories, are permitted for each side.

        ii.       The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

    (e)    <u>Depositions.</u>

        i.       <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

        ii.       <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

    (f)    <u>Disclosure of Expert Testimony.</u>

        i.       <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 14, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 17, 2026. Reply expert reports from the party with the initial burden of proof are due on or before March 12, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and

4

times of their experts' availability for deposition. The close of expert discovery shall be March 31, 2026.

        ii.    <u>Expert Report Supplementation.</u> The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case dispositive motions).

        iii.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

        iii.    The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-

two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

        iv.      Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing. All courtesy copies shall be double-sided.

Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

    8.    <u>Motions to Amend / Motions to Strike.</u>

        (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g), above.

        (b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken

9. <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

10. <u>Claim Construction Issue Identification</u>. On May 19, 2025, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.

11. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on July 21, 2025. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on August 13, 2025. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on August 28, 2025. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on September 9, 2025. No later than September 26, 2025, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.  Agreed-Upon Constructions

II. Disputed Constructions

   [TERM 1]

      1. Plaintiff's Opening Position

      2. Defendant's Answering Position

      3. Plaintiff's Reply Position

      4. Defendant's Sur-Reply Position

   [TERM 2]

      1. Plaintiff's Opening Position

      2. Defendant's Answering Position

      3. Plaintiff's Reply Position

      4. Defendant's Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing.

      No earlier than November 17, 2025, Delaware and Lead counsel (i.e., those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction Chart that sets forth all agreed-upon constructions and all terms that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the

Joint Claim Construction Brief. The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated in the meet and confer, when and how that meet and confer occurred, and how long it lasted. If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state. The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

12. <u>Hearing on Claim Construction</u>. Beginning at 10:00 am on November 24, 2025, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

13. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than January 9, 2026, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

14. <u>Interim Status Report</u>.  On October 17, 2025, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

15. <u>Case Dispositive Motions</u>. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

16. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. <u>Amendments to the Scheduling Order.</u> Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

18. <u>IPRs/PGRs.</u> Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for inter partes review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision. The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

19. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. <u>Pretrial Conference.</u>  On July 31, 2026 the Court will hold a pretrial conference in Court with counsel beginning at 10:00 am. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

21. <u>Trial.</u>  This matter is scheduled for a <u>four</u> day bench trial beginning at 9:30 a.m. on August 17, 2026, with the subsequent trial days beginning at 9:00 a.m. and ending at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

22. <u>Post-Trial Motions.</u> The Parties should address the post-trial briefing schedule and page limits in the proposed final pretrial order.

                                                                                                                   _____
                                                                                                                   The Honorable Jennifer L. Hall
                                                                                                                    United States District Court Judge

## Exhibit A: Deadlines

| Event | Deadline |
|---|---|
| Rule 26(a)(l) Initial Disclosures and Delaware Paragraph 3 Disclosures (¶ 1) | 12/9/2024 |
| Application to the Court for Protective Order (¶ 3) | 12/23/2024 |
| Plaintiff to Serve Paragraph 4(a) Disclosures (Accused Products, Asserted Patents, and Produce File Histories) | 1/10/2025 |
| Defendant to Serve Paragraph 4(b) Disclosures (Core Technical Documents) | 2/14/2025 |
| Plaintiff to Serve Paragraph 4(c) Disclosures (Initial Infringement Contentions) | 3/17/2025 |
| Defendants to Serve Paragraph 4(d) Disclosures (Initial Invalidity Contentions and Invalidating References) | 4/21/2025 |
| The Parties' Exchange of Claim Term(s)/Phrase(s) List (¶ 10) | 5/19/2025 |
| Meet and Confer to Prepare Joint Claim Construction Chart | 5/27/2025 |
| Joinder of Other Parties and Amendment of Pleadings (¶ 2) | 6/26/2025 |
| Joint Claim Construction Chart (¶ 11) | 7/7/2025 |
| Plaintiff to **serve only** its Opening Claim Construction Brief (¶ 11) | 7/21/2025 |
| Substantial Completion of Document Production (¶ 7(b)) | 7/31/2025 |
| Defendants to **serve only** their Answering Claim Construction Brief (¶ 11) | 8/13/2025 |
| Plaintiff to **serve only** its Reply Claim Construction Brief (¶ 11) | 8/28/2025 |
| Defendants to **serve only** their Sur-Reply Claim Construction Brief (¶ 11) | 9/9/2025 |
| Joint Claim Construction Brief (¶ 11) | 9/26/2025 |
| Optional Technology Tutorial (¶ 9) | 9/26/2025 |
| Notify the Court by Joint Letter regarding (i) whether they request leave to present testimony at the claim construction hearing; and (ii) the amount of time they are requesting be allocated to them for the claim construction hearing (¶ 12) | 9/26/2025 |

| Event | Deadline |
|---|---|
| Interim Status Report (¶ 14) | 10/17/2025 |
| Parties Meet and Confer and File Amended Joint Claim Construction Chart (¶ 11) | 11/17/2025 |
| Hearing on Claim Construction (¶ 12) | 11/24/2025 @ 10:00 am |
| Close of Fact Discovery (¶ 7(a)) | 12/19/2025 |
| Final supplementation, *inter alia*, the identification of all accused products and of all invalidity references (¶ 13) | 1/9/2026 |
| Opening Expert Reports (¶ 7(f)i) | 1/14/2026 |
| Answering/Rebuttal Expert Reports (¶ 7(f)i) | 2/17/2026 |
| Reply Expert Reports (¶ 7(f)i) | 3/12/2026 |
| Close of Expert Discovery (¶ 7(f)i) | 3/31/2026 |
| *Daubert* Motions (¶ 7(f)iii) | 4/14/2026 |
| Oppositions to *Daubert* Motions | 5/5/2026 |
| Replies to *Daubert* Motions | 5/19/2026 |
| Joint Pretrial Order (¶ 20) | 7/24/2026 |
| Pretrial Conference (¶ 20) | 7/31/2026 @ 10:00 am |
| Trial (¶ 21) | 8/17/2026 |
| Post-trial Briefing | TBD in Pretrial Order |
| End of 30 Month Stay | 3/11/2027 |