# Morris James LLP

Kenneth L. Dorsney
302.888.6800
kdorsney@morrisjames.com

April 16, 2025

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
Unit 17, Room 6312
844 North King Street
Wilmington, DE 19801-3555

**Re: *Ingenus Pharmaceuticals, LLC v. Hetero USA, Inc. et al.*
C.A. No. 24-1025-JLH**

Dear Judge Hall,

Defendants Hetero Labs Limited and Hetero Drugs Limited (collectively "Hetero") request that the Court order Plaintiff Ingenus Pharmaceuticals, Inc. ("Plaintiff") to comply with its discovery obligations and produce documents from related litigations.

    **Background**: Plaintiff sued Hetero on September 11, 2024, asserting claims of patent infringement of U.S. Patent No. 10,993,952 ("the '952 patent") based on Hetero's proposed ANDA product for cyclophosphamide. ECF 1. Because this litigation relates to other Hatch-Waxman litigations that involve the exact same patent, the exact same product, and the same issues, Hetero sought in discovery documents from those cases.

    Specifically, Hetero requested documents related to common issues: 1) sworn testimony, declarations, and deposition transcripts of expert witnesses; 2) sworn testimony, declarations, and deposition transcripts of Plaintiff's fact witnesses; 3) Plaintiff's discovery responses (interrogatories, admission requests, document productions); 4) expert reports; 5) contentions and claim charts; 6) hearing transcripts related to claim construction; 7) documents related to claim construction; 8) documents related to invalidity; and 9) documents related to indefiniteness. Exhibit 1, Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents and Things (Nos. 1-13), served on February 7.

Other than a limited subset of the expert testimony, declarations, and deposition transcripts (Request No. 1) and expert reports (Request No. 6) – both of which were subject to "obligations of confidentiality" – Plaintiff refused to provide the requested documents. After several emails and a meet and confer on March 20, 2025, Plaintiff supplemented its responses to include limited production of hearing transcripts (Request No. 8) and claim construction (Request No. 11), again

limited by "obligations of confidentiality." Exhibit 2, Plaintiff's First Supplemental Responses to Defendants' First Set of Requests for Production of Documents and Things (Nos. 8, 11), served on March 25, 2025. Plaintiff produced limited, publicly-available documents on April 14, 2025 – after Hetero filed its discovery motion.

**Arguments and Authorities**: The documents in related litigations – the same causes of action based on the same asserted claims of the same '952 patent and the same cyclophosphamide drug products – are clearly relevant and responsive to the Requests served by Hetero. Plaintiff asserts several objections: burdensomeness, privilege, confidentiality of third parties, and an improper attempt to "piggyback." None of these objections have merit.

Hetero's document requests are clearly not burdensome given that the plaintiff has already produced the requested documents in other cases involving the same patent and the same product. Nor do the requests seek any privileged information—again, these documents have already been produced to third parties and therefore cannot be privileged.

Plaintiffs' confidentiality objections are likewise without merit. First, the parties entered into a Stipulated Protective Order, ECF 25, that allows confidential information of non-parties to be protected. *Id*. at ¶ 26. Moreover, Plaintiffs have not even asked any of the third parties involved whether they have any objections to the production of the requested documents. Instead, Plaintiff asserts that Hetero has an obligation to seek permissive intervention in the related litigations. Exhibit 1, Request Nos. 1 (p. 7), 2 (p. 8), 8 (p. 16), 10 (p. 20), 11 (p. 21), 12 (p. 23), and 13 (p. 24). This assertion flips the discovery process on its head and is inconsistent with Delaware law, which allows for Plaintiff – or the parties jointly – to seek relief from a protective order if necessary. *Inventio AG v. ThyssenKrupp Elevator Americas Corp*., 662 F. Supp. 2d 375, 384 (D. Del. 2009). Here, there is no indication that such steps would be necessary, since Plaintiff has not even reached out to defendants in other cases regarding the production of their potentially confidential information.

Finally, Plaintiff's objection that Hetero is improperly "piggybacking" on discovery from other cases is meritless. This objection is not a basis for resisting discovery, and s explained above, the discovery sought by Hetero is clearly relevant to this case because it is related to the same claims and the same issues for the same patent and the same product asserted by Plaintiff in other litigations. Moreover, Hetero's discovery is specific; it does not merely seek everything from the other litigations. The requests are focused on key issues that are the same as those raised in the related litigations: experts (Request Nos. 1, 6, 9); Plaintiff's fact witnesses (Request No. 2), Plaintiffs' interrogatory responses (Request No. 3), documents produced by Plaintiff (Request No. 4); Plaintiff's responses to admission requests (Request No. 5); contentions and claim construction (Request Nos. 7, 8, 9, 10, 11); invalidity (Request No. 12); and indefiniteness (Request No. 13).

Morris James LLP

Plaintiff's objections should be overruled based upon the connection between this case and the related litigations. The District of Delaware in *Inventio AG* determined that an "immediate connection" existed when the litigation involved different patents but the same inventor. 662 F. Supp. 2d at 381. The court found good cause to produce the depositions of the inventor,  the person designated as having knowledge regarding the products and services at issue, and the vice director of the plaintiff (662 F. Supp. 2d at 382-383). The only depositions not found to be responsive were individuals that the defendants did not intend to call to testify. *Id*. at 384. The District of Delaware took a similar approach in *Wyeth v. Impax Lab'ys, Inc.,* 248 F.R.D. 169, 171 (D. Del. 2006), noting the appropriateness of Wyeth's production of documents related to claim construction, patent validity, and enforcement from litigations asserting the same patents. *Id*. at 170-171 (denying the motion as to those documents "involving matters not at issue in this litigation."  *See also Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (finding that infringement materials should be produced because ("Plaintiffs' prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case."); *Apple, Inc. v. Samsung Elecs. Co*., No. C 11-1846 LHK, 2012 WL 1232267, at *6 (N.D. Cal. Apr. 12, 2012) ("Materials from other actions that meet the technological nexus standard are relevant, and in the case of court documents, the relevance is substantial enough to justify the burden to Apple of producing them.").

In refusing to comply with its discovery obligations, Plaintiff relies on cases from other districts that, contrary to its assertions, support Hetero's position that the discovery should be produced. For example, *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP* allows a party to seek discovery of "specific categories of documents sought" that are "relevant to its claims and defenses." 2022 WL 17339035, at *3 (E.D. Pa. Nov. 30, 2022).  The court therefore ordered that documents with "substantial overlap" be produced, including documents from other cases related to sinkholes, water contamination, an explosion, and geographic anomalies that were produced in other cases. *Id.* at *3-6. The court also found that the burden of reviewing these documents was proportional to the needs of the case. *Id.* at 4.

The Eastern District of Pennsylvania made a similar determination  in *Schreiber v. Eli Lilly & Co*. No. 05-CV-2616, 2006 WL 8462374, at *2 (E.D. Pa. Aug. 24, 2006).  That court determined, that documents produced in a prior litigation related to the same individual or the same patent should be produced.  *Id*.  The court also granted the motion to compel as to "the production of affidavits, declarations, and transcripts of testimony that concern raloxifene for certain individuals." *Id.*

For all of these reasons, the Court should overrule Plaintiff's objections and order that Plaintiff produce within 30 days all documents responsive to Requests Nos. 1-13.

Morris James LLP

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)

cc: All Counsel of Record (via CM/ECF and electronic mail)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HETERO USA, INC., HETERO LABS LTD., and<br>HETERO LABS LTD. UNIT-VI,<br><br>        Defendants. | C.A. No. 1:24-cv-01025-JLH |

**[PROPOSED] ORDER GRANTING MOTION**

Having considered the April 16, 2025 letter brief from Defendants Hetero Labs Limited and Hetero Drugs Limited (collectively "Hetero"), the arguments made therein, and any opposition thereto, the Court hereby orders that Plaintiff Ingenus Pharmaceuticals, LLC shall, within 30 days, supplement its discovery responses and produce documents responsive to Hetero's Request Nos. 1-13.

SO ORDERED this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br> HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI, <br><br>　　　　　　Defendants. | C.A. No. 24-1025-JLH |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-13)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff Ingenus Pharmaceuticals, LLC ("Plaintiff" or "Ingenus") hereby responds to the First Set of Requests for Production of Documents and Things (Nos. 1-13) (hereinafter "Requests") served by Hetero USA, Inc., Hetero Labs Ltd., and Hetero Labs Ltd. Unit-VI (together, "Hetero" or "Defendants") as follows:

**RESPONSES AND OBJECTIONS**

The following general objections ("General Objections") are incorporated into each specific response and objection as if fully set forth therein:

1.　　Plaintiff's responses are made to the best of their present knowledge, information, and belief. Plaintiff's investigation of the facts is ongoing, and Ingenus reserves the right to supplement or amend the responses pursuant to the Federal Rules of Civil Procedure, the local rules, and any applicable order, *e.g.*, scheduling order entered in this case.

2.     Ingenus objects to the Requests to the extent they request information or documents related to Plaintiff's drug products other than the drug product of New Drug Application ("NDA") No. 212501, cyclophosphamide for injection.

3.     Ingenus objects to the Requests, Definitions and Instructions to the extent that they call for the production of documents outside Plaintiff's possession, custody or control; to prepare information or documents that do not already exist; or to produce documents or information in a format other than that in which it is ordinarily kept by Ingenus. Ingenus will produce responsive documents to the extent that they exist—after performing a reasonable search proportional to the needs of the case. Nothing contained in any response herein shall be deemed an admission that any responsive documents exist.

4.     Ingenus objects to the Requests' Definitions and Instructions to the extent they require Plaintiffs to produce Electronically Stored Information (ESI) in a manner other than that described in the Court's Default Standard for Electronic Discovery.

5.     Ingenus objects to the Requests, Definitions and Instructions to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this action. Plaintiff's responses and objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Ingenus with Hetero's characterization of any facts, circumstances, and/or legal obligations.   Ingenus also reserves the right to contest any such characterization as inaccurate.

6.     To the extent that any Request calls for "all," "each," or "every" document(s), Ingenus objects to each Request as being overly broad and unduly burdensome. It is impossible to represent, even after a reasonable and diligent search, that all, each, or every document or piece of information falling within a description can be or has been assembled. Ingenus will produce

documents within their possession, custody, and control that can be located after a reasonable search that is proportional to the needs of the case.

7.      Ingenus will produce relevant, non-privileged documents on a rolling basis in response to the Requests, subject to and without waiver of the Objections stated herein.  The term "non-privileged documents" as used herein refers to documents or information that is not subject to the attorney-client privilege, does not constitute attorney work product, and is not otherwise privileged or exempt from discovery.

8.      Plaintiffs provide these Responses and Objections subject to further investigation. Plaintiffs reserve the right to modify, supplement or amend any or all of these Responses and Objections, if necessary or appropriate, and to produce additional, non-privileged, responsive documents if any are located.

9.      Ingenus objects to each and every Request to the extent that the Request, Definitions and/or Instructions, individually and/or collectively, seek to impose requirements or obligations on Plaintiffs in addition to or different from those imposed by law, the Federal Rules of Civil Procedure, or the applicable local rules.

10.     Ingenus objects to each and every Request to the extent that the Request seeks production of materials subject to a third party confidentiality agreement between Ingenus on the one hand and another party on the other hand, or to the extent that the Request seeks production of materials with respect to which the consent of any third party or any governmental officer or agency must be obtained prior to its disclosure.

11.     Ingenus objects to each and every Request to the extent that the Request seeks documents and things not in the possession, custody or control of Plaintiff.  Further, Ingenus objects to these Requests to the extent that they seek documents and things from entities or

individuals not a party to this litigation, which are not in the possession, custody, or control of Plaintiff.

12.     To the extent that each Request calls for the production of proprietary and confidential business information, Plaintiff's production of documents and things containing proprietary and confidential business information are subject to any protective order entered by the Court in this case and shall be restricted to outside attorneys only.

13.     Ingenus objects to each Request to the extent it purports to require Plaintiff to search for and/or produce "any" and "all" documents and things.  Consistent with its obligations under the Federal Rules of Civil Procedure and subject to its objections, Ingenus will produce responsive, non-privileged documents and things to the extent such materials exist, are located after a reasonable search of its files, and are proportional to the needs of the case.

14.     To the extent that Ingenus provides documents and things in response to the requests, Plaintiff does not concede that the documents or things provided are relevant to this action or any issue properly raised.  Ingenus expressly reserves the right to object to further discovery into the subject matter of such Requests and the introduction into evidence of any document, thing, or portion thereof.

15.     Ingenus objects to the Requests' definition of "Ingenus" as being overly broad, unduly burdensome and oppressive, and not proportional to the needs of the case, on the grounds that it purports to include undefined and/or non-existent entities, such as " past and present parents, subsidiaries, members, divisions, affiliates, partners, and joint ventures, together with any person or entity, past or present, acting or purporting to act on their behalf, including past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents,

4

consultants, representatives, and contracted facilities or service providers" and purports to include entities that are not named parties to the case.

16.     Ingenus objects to the Requests' definition of Hetero to the extent it is exclusive of " past and present parents, subsidiaries, members, divisions, affiliates, partners, and joint ventures, together with any person or entity, past or present, acting or purporting to act on their behalf, including past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers", of which Hetero included in its definition of Ingenus.

17.     Ingenus objects to the Requests' definition of "Prior Art" to the extent it is inconsistent with the definition under the patent laws of the United States, defined at 35 U.S.C. § 100 et seq.

18.     Ingenus objects to the Requests' definition of "Communications(s)" as being overly broad, unduly burdensome and oppressive, and not proportional to the needs of the case, to the extent it is defined as "the transmittal of information in any form."

19.     Ingenus objects to instruction Nos. 4-9 on the basis that it seeks to impose requirements or obligations on Ingenus in addition to or different from those imposed by law, the Federal Rules of Civil Procedure, the applicable local rules, the Scheduling Order, and the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). Ingenus will provide information that is necessary and called for by law, the Federal Rules of Civil Procedure, the applicable local rules, the Scheduling Order, or the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

20.     Ingenus incorporates by reference their General Objections in each of the specific responses set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1

Sworn testimony, declarations, and deposition transcript(s) of all expert witnesses in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

## RESPONSE

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case, and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publically available."). To the extent the requested information is "subject to a

6

protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id*. (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Subject to, and without waiving any of the foregoing objections, Plaintiff will produce, in response to this Request, to the extent they exist, non-privileged, responsive, relevant documents, that are within Plaintiff's possession, that can be obtained upon a reasonable search, to the extent Plaintiff is able to do so without violating obligations of confidentiality with respect to any third parties.

## REQUEST FOR PRODUCTION NO. 2

Sworn testimony, declarations, and deposition transcript(s) of Plaintiff's fact witnesses in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

## RESPONSE

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case, and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id.* (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

## REQUEST FOR PRODUCTION NO. 3

Plaintiff's interrogatory responses served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including appendices and supplemental responses thereto.

## RESPONSE

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case, and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa.

Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

## REQUEST FOR PRODUCTION NO. 4

All documents produced in discovery in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

## RESPONSE

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case (at least because the Request seeks information on "[a]ll documents produced"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

10

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); King Cnty. v. Merrill Lynch & Co., U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought. **REQUEST FOR PRODUCTION NO. 5**

Plaintiff's responses to requests for admission served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including supplemental responses thereto.

**RESPONSE**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case, and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of

12

documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

## REQUEST FOR PRODUCTION NO. 6

All expert reports served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including exhibits, any supplements thereto, and any documents produced.

## RESPONSE:

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case (at least because the Request seeks "[a]ll expert reports . . . and any documents produced"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it is duplicative of other Requests of Hetero, *e.g.*, Request Nos. 1 and 4.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

13

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co*., U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

Subject to, and without waiving any of the foregoing objections, Plaintiff will produce, in response to this Request, to the extent they exist, non-privileged, responsive, relevant documents, that are within Plaintiff's possession, that can be obtained upon a reasonable search, to the extent Plaintiff is able to do so without violating obligations of confidentiality with respect to any third parties.

## REQUEST FOR PRODUCTION NO. 7

All contentions and claim charts served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including exhibits, any supplements thereto, and any documents produced.

**<u>RESPONSE:</u>**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case (at least because the Request seeks "[a]ll contentions and claim charts . . . and any documents produced"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the

requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

## REQUEST FOR PRODUCTION NO. 8

All hearing transcripts related to claim construction from Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

## RESPONSE:

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case (at least because the Request seeks "[a]ll hearing transcripts related to claim construction"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co*., 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id*. (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 9

All contentions, claim charts, and expert reports regarding cyclophosphamide and/or the Asserted Patent served in any other litigation or legal proceeding, including exhibits, any supplements thereto, and any documents produced.

## RESPONSE:

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded by time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll contentions, claim charts, and expert reports . . . , including . . . any documents produced") served in any other litigation or legal proceeding"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request on the basis that the term "cyclophosphamide" is vague and undefined.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without "identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

18

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

**REQUEST FOR PRODUCTION NO. 10**

All hearing transcripts related to claim construction regarding cyclophosphamide and/or the Asserted Patent in any other litigation or legal proceeding.

**RESPONSE:**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded as to time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll hearing transcripts related to claim construction regarding cyclophosphamide and/or the Asserted Patent in any other litigation or legal proceeding.") and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request on the basis that the term "cyclophosphamide" is vague and undefined.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id.* (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 11

All documents related to claim construction of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

## RESPONSE:

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded as to time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll documents related to claim construction of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-

00377, and any other litigation or legal proceeding.") and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id.* (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without

"identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

**REQUEST FOR PRODUCTION NO. 12**

All documents related to the invalidity of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

**RESPONSE:**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded as to time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll documents related to the invalidity of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.") and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request as calling for a disputed legal conclusion. The Asserted Patent is presumed to be, and remains valid.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id.* (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without

"identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

## REQUEST FOR PRODUCTION NO. 13

All documents related to the indefiniteness of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

## RESPONSE:

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded as to time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll documents related to the indefiniteness of any terms of the of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.") and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request as calling for a disputed legal conclusion. The Asserted Patent is presumed to be, and remains valid.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co*., 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id*. (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without

"identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

Dated: February 7, 2025

**SMITH, KATZENSTEIN & JENKINS LLP**

*Of Counsel:*
Michael Dzwonczyk
John T. Callahan
L. Roman Rachuba
**SUGHRUE MION PLLC**
2000 Pennsylvania Ave., N.W., Suite 900
Washington, D.C. 20006
(973) 998-7722
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
jcallahan@sughrue.com
lrachuba@sughrue.com

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff*
*Ingenus Pharmaceuticals, LLC*

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 24-1025-JLH |
| HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI, | |
| Defendants. | |

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 8, 11)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff Ingenus Pharmaceuticals, LLC ("Plaintiff" or "Ingenus") hereby supplements its responses to the First Set of Requests for Production of Documents and Things (Nos. 8 and 11) (hereinafter "Requests") served by Hetero USA, Inc., Hetero Labs Ltd., and Hetero Labs Ltd. Unit-VI (together, "Hetero" or "Defendants") as follows:

**RESPONSES AND OBJECTIONS**

Plaintiff incorporates the General Objections set forth in Plaintiff's Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things (Nos. 1-13) served February 7, 2025, as if set out fully herein.

1.      Plaintiff incorporates by reference their General Objections in each of the specific responses set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

## **REQUEST FOR PRODUCTION NO. 8**

All hearing transcripts related to claim construction from Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

## **RESPONSE:**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is not proportional to the needs of this case (at least because the Request seeks "[a]ll hearing transcripts related to claim construction"), and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co*., 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested

2

documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id.* (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving any of the foregoing objections, Plaintiff will produce, in response to this Request, to the extent they exist, non-privileged, responsive, relevant documents, that are within Plaintiff's possession, that can be obtained upon a reasonable search, to the extent Plaintiff is able to do so without violating obligations of confidentiality with respect to any third parties.

**REQUEST FOR PRODUCTION NO. 11**

All documents related to claim construction of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

**RESPONSE:**

In addition to the general objections, Plaintiff further objects to this Request as not relevant to the claim or defense of any party, is unbounded as to time, is not proportional to the needs of this case (at least because the Request seeks "[a]ll documents related to claim construction of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-

00377, and any other litigation or legal proceeding.") and the burden and expense to Plaintiff in responding to this Request outweighs any likely benefit to Defendant.

Plaintiff further objects to this Request to the extent the information requested is not within the possession, custody and/or control of Plaintiff.

Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent that it seeks discovery that would result in violation of Plaintiff's obligations of confidentiality to third parties.

Plaintiff further objects to this Request to the extent the information is equally accessible to Defendant, *e.g.*, to the extent the information sought is publically available.

Plaintiff further objects to this Request because discovery is not the proper mechanism for Defendant to obtain this information. To the extent the requested information is publically available, Defendant can obtain it itself. *Schreiber v. Eli Lilly & Co*., 2006 U.S. Dist. LEXIS 117919, *4 (E.D. Pa. Aug. 24, 2006) (Denying motion to compel "'the production of pleadings, motions, and related court submissions in the Ariad litigation." Because "[t]he requested documents are publicly available."). To the extent the requested information is "subject to a protective order issued in the [aforementioned] litigation[s], the proper procedure for gaining access to such documents is to seek permissive intervention in the [aforementioned] litigation[s]." *Id*. (citing *Harper v. Trans Union*, L.L.C., 04-3510, 2005 U.S. Dist. LEXIS 4721, at *7-*8 (E.D. Pa. Mar. 24, 2005).

Plaintiff further objects to this Request because it improperly seeks to "'piggyback' discovery requests for all discovery produced in prior litigation or investigations" without

"identifying the specific categories of documents sought" or the relevancy thereof. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313, *9, (E.D. Pa. Nov. 30, 2022); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *2 (S.D. Cal. Aug. 14, 2009) (Explaining that similarities and overlap in prior cases alone are insufficient to justify "a carte blanche production of all documents from the [previous] cases."); *King Cnty. v. Merrill Lynch & Co.*, U.S. Dist. LEXIS 86775, *3 (W.D. Wash. Aug. 5, 2011) (Explaining that the requesting party must still "make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.")

In view of the foregoing objections, Plaintiff will not produce documents in response to this Request, but is willing to meet and confer with Hetero on a more reasonable scope of information sought.

**<u>SUPPLEMENTAL RESPONSE:</u>**

Subject to, and without waiving any of the foregoing objections, Plaintiff will produce, in response to this Request, to the extent they exist, non-privileged, responsive, relevant documents, that are within Plaintiff's possession, that can be obtained upon a reasonable search, to the extent Plaintiff is able to do so without violating obligations of confidentiality with respect to any third parties.

Dated:  March 25, 2025

*Of Counsel:*

Michael Dzwonczyk
John T. Callahan
L. Roman Rachuba
**SUGHRUE MION PLLC**
2000 Pennsylvania Ave., N.W., Suite 900
Washington, D.C. 20006
(973) 998-7722
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
jcallahan@sughrue.com
lrachuba@sughrue.com

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff*
*Ingenus Pharmaceuticals, LLC*