

April 21, 2025

***Via CM/ECF and Hand Delivery***
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
Unit 17, Room 6312
844 North King Street
Wilmington, DE 19801-3555

**Re:   *Ingenus Pharmaceuticals, LLC* v. *Hetero USA, Inc. et al.*
C.A. No. 24-1025-JLH**

Dear Judge Hall:

We represent Plaintiff Ingenus Pharmaceuticals, LLC ("Ingenus") in the above matter and write in response to the discovery dispute letter submitted by Defendants Hetero Labs Limited and Hetero Drugs Limited (collectively "Hetero") submitted April 16, 2025, seeking discovery of Ingenus materials from each and every litigation involving cyclophosphamide. Ingenus objects to the breadth and scope of the requests.

On January 8, 2025, Hetero served its first requests for the production of documents, Nos. 1-13. Exhibit A. Not one single request was directed to this case, Hetero, Hetero's ANDA filing, or its claims or defenses in this case. Hetero seeks production of every scrap of paper Ingenus produced, generated, filed, exchanged, and received in two unrelated cases against different defendants also involving the '952 Patent.[1] More broadly, Hetero seeks *"[a]ll* contentions, claim charts, and expert reports regarding cyclophosphamide . . . served in *any other litigation or legal proceeding*, including . . . *any documents produced*" including those not involving the '952 Patent (Exh. A, No. 9). It seeks "all hearing transcripts" and "all documents*"* "related to claim construction regarding cyclophosphamide" in "any other litigation or legal proceeding" (Exh. A, Nos. 10-11) and "all documents*"* relating to invalidity in "any other litigation or legal proceeding." (Exh. A, Nos. 12- 13). Hetero's requests are not limited to materials produced or generated by Ingenus. Request No. 4 broadly encompass "[a]ll documents produced in discovery" by the *opposing parties* in the *Nexus* and *Accord* cases. Likewise, Request No. 1 seeks all "testimony, declarations, and deposition transcripts" from the opposing parties, and Requests Nos. 607 seek contentions, claim charts, expert reports and documents, again produced by the *opposing parties* in the *Nexus* and *Accord* cases.

---

[1] Ingenus Pharmaceuticals, LLC et al. v. Nexus Pharmaceuticals, Inc., Civ. No. 22-cv-02868-MJR ("the Nexus case") is currently pending in the Northern District of Illinois. Ingenus Pharmaceuticals, LLC et al. v. Accord Healthcare, Inc. C.A. No. 23-377-JLH ("the Accord case") was before this Court, but was recently terminated on April 1, 2025.

Ingenus served objections and responses to Hetero's RFPs on February 7, and the parties thereafter exchanged letters on March 10 and March 16. At no point in its correspondence or in the 4-minute meet and confer on March 17 did Hetero offer to narrow its requests, tie them to any of Hetero's claims or defenses, or explain how such broad sweeping requests for "all documents" were needed for use in this case. And despite being asked directly, Hetero not identify any legal authority in support of its discovery, including those that it relies upon in its April 16[2] letter.[2] Despite Ingenus' willingness to do so, Hetero has not fairly complied with the obligation to make a reasonable effort to reach agreement on the matters set forth in their motion, as required by L.R. 7.1.1. While Ingenus has produced responsive materials (which Hetero could have downloaded from PACER with equal effort), its requests broadly seek production of the confidential information of the other defendants, Nexus and Accord, as well as that of third parties.

As justification, Hetero argues the documents sought relate to "the exact same patent, the exact same product," "the same issues," "common issues," "the same cyclophosphamide drug products," etc., and that substantial overlap requires production. That is incorrect.

The cyclophosphamide products are **_not_** the same across the litigations, nor are the "same issues" present in the *Accord* and *Nexus* cases that are present in this case. For example, Nexus sought a construction of "stable" as indefinite, Accord did not. The Court in *Nexus* held that the term "about" meant approximately; this Court in *Accord* did not. Accord raised different written description and enablement challenges than Nexus. Nexus raised a standing challenge, Accord did not. Long-felt need was the only secondary consideration raised in the *Accord* case, whereas the *Nexus* case additionally features licensing, copying, commercial success, etc. The prior art raised by Accord was different than the prior art raised by Nexus. Because of these differences, the documents that Ingenus produced were different in each case, as were the expert reports.

Here, Hetero seeks volumes of briefs, exhibits, documents, testimony, declarations, transcripts and other materials regarding claim construction, but it has not identified a single claim construction issue, and so it is unclear what documents from the other two cases might relate to an issue in this case. Hetero has not yet stated *whether* it will proceed with an obviousness defense, and if it does, what – if - any grounds of obviousness it will rely on, or what prior art it will rely on. So it is unclear whether the obviousness defenses and prior art references from the other cases relate to the issues in this case at all.[3] It is unclear whether Hetero intends to raise a standing argument, and so the materials relating to that defense of the *Nexus* case are of no relevance until such time as Hetero intends to raise a standing argument. It is unclear whether Hetero will proceed with any defenses under Section 112 in this case. The list goes on and on. Because Hetero had not served its contentions when it filed its April 16th letter, it is impossible to know whether the "same issues" in the *Accord* and *Nexus* cases are present here.

That the '952 Patent was asserted in the Nexus and Accord cases does not mean the issues in the case are the "same" or that Hetero's request for "all documents" is justified. This Court has

---

[2] In subsequent correspondence following the March 17th meet and confer, Hetero refused to identify which of its RFPs it intended to seek Court intervention on. (Exh. B.)

[3] Hetero's "Notice Letter" of July 31, 2024 (Exh. C) does not even mention obviousness, written description or enablement as grounds for invalidity. While those defenses featured prominently in the *Accord* and *Nexus* cases, there is no reason to believe Hetero can or will raise or maintain it here. As a result, much of the discovery Hetero seeks will be entirely irrelevant in this case and its statement that its requests are "focused on key issues *that are the same as* those raised in the related litigations" is demonstrably false.

rejected broad requests for all documents in prior litigations untethered to issues in the seminal litigation. *Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042 (D. Del. Sep. 16, 2016) ("Plaintiff has not sufficiently demonstrated that the production of documents related to prior litigation, which do not involve matters at issue in this litigation, will advance discovery and is proportional to the claims in issue. . . . Therefore, Plaintiff's motion to compel is denied with respect to RFP 34."); *LeGuide.com SAS v. Google LLC & Alphabet Inc.*, No. 21-mc-219-JLH-SRF, 2025 U.S. Dist. LEXIS 10704 (D. Del. Jan. 21, 2025) ("a request for all documents produced in another proceeding is not an appropriate request"); *Univ. of Mass. v. L'Oreal United States, Inc.*, Civil Action No. 17-868-CFC-SRF, 2020 U.S. Dist. LEXIS 99890 (D. Del. June 8, 2020) ("RFP 65 called for the production of 'documents produced, in any litigation or investigation, to any government entity or agency that refer or related to Accused Products.' *Id*. at 4. In denying the motion at a March 26, 2020 hearing, the Magistrate Judge explained: 'I find [RFP 65's] request for all documents from all government entities or agencies overbroad and not relevant or proportional to the needs of the case under Rule 26. It is a fishing expedition in the Court's view.'").

In *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169 (D. Del. 2006) cited by Hetero, the Court denied as overbroad Impax's request that Wyeth produce all documents from an earlier litigation against Teva, stating "Impax has not demonstrated why it is entitled to documents from the Teva Litigation involving matters not at issue in this litigation. Also, Impax has not shown that the documents requested from the Teva Litigation, beyond what Wyeth has already produced or offered to produce, are critical to resolving the issues before the Court. Thus, this portion of Impax's Motion is denied." Hetero should understand well the requirement to show relevance beyond asserting that the patent is the same between litigations. In *Breckenridge Pharm., Inc. v. Hetero USA, Inc.*, Civil Action No. 24-00571-GBW, 2025 U.S. Dist. LEXIS 62706 (D. Del. Apr. 1, 2025), this Court denied Hetero's motion to compel Breckenridge to produce documents from an earlier Hatch-Waxman litigation between Breckenridge and Boehringer, including Breckenridge's ANDA and any agreements between Breckenridge and Boehringer. *Id*. at *7-*8;

Courts elsewhere agree. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 2022 U.S. Dist. LEXIS 215313 (E.D.Pa. Nov. 30, 2022 ("similarities or overlap alone are insufficient to justify 'a carte blanche production of all documents from the [previous] cases.' The requesting party must still 'make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.'" *Id*., at *9, citing *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, at *2 (S.D. Cal. Aug. 14, 2009)); *AGA Med. Corp. v. W.L. Gore & Assocs.*, No. 10-3734 (JNE/JSM), 2011 U.S. Dist. LEXIS 157787 (D. Minn. Oct. 18, 2011) ("The Court will not require AGA to produce any additional materials from any other suits, domestic or foreign, as Gore has failed to demonstrate why it is entitled to documents that are not at issue in this litigation or how documents beyond what AGA has already produced or offered to produce bear on the resolution of the issues before the Court concerning the '738 patent.") *Id.* at *65; *United States v. Anthem, Inc*., No. 20-CV-2593 (ALC) (KHP), 2024 U.S. Dist. LEXIS 48281 (S.D.N.Y. Mar. 13, 2024) (collecting cases).

Ingenus will produce responsive nonconfidential documents relevant to issues in this case, once Hetero identifies them. Ingenus will seek the consent of Accord and Nexus in the event responsive documents are confidential and subject to Protective Orders. But the wholesale production of documents from other cases relating to issues that are not now, and may never be, in this case is burdensome and wasteful.

Respectfully submitted,

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)