# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC<br><br>Plaintiff,<br><br>v.<br><br>HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI<br><br>Defendants. | C.A. No. 1:24-cv-01025-JLH |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Hetero USA, Inc., Hetero Labs Ltd., and Hetero Labs Ltd. Unit-VI (collectively, "Hetero") hereby object and respond to Plaintiff Ingenus Pharmaceuticals, LLC's First Set of Interrogatories. These objections and responses are based on Hetero's current understanding, knowledge, and belief. Hetero reserves the right to supplement its responses as discovery progresses in this action.

**GENERAL OBJECTIONS**

Hetero asserts each of the following General Objections and expressly incorporates them into each response set forth below. By providing a specific response to any Interrogatory, Hetero does not waive or otherwise limit these General Objections. Furthermore, reference to any of these General Objections in any specific response shall not waive or otherwise limit the applicability of all of these General Objections to each and every response.

1.      Hetero objects to the Interrogatories to the extent the Interrogatories and/or the definitions and instructions contained or incorporated therein are unduly burdensome and oppressive, overly broad, vague, ambiguous and/or to the extent they are inconsistent with and/or

seek to impose upon Hetero obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or any order of the Court in this matter.

2.      Hetero objects to the Interrogatories to the extent the interrogatories and/or the definitions and instructions contained or incorporated therein seek documents or information not reasonably available to, or not within the possession, custody or control of Hetero. Such demands are beyond the scope of the Federal Rules of Civil Procedure. Any response given will therefore be based upon information and/or documents within Hetero' possession, custody, or control.

3.      Hetero has not completed its investigation of the facts relating to the present litigation. Hetero' responses to the Interrogatories are therefore made to the best of Hetero' present knowledge, information and belief. These responses are at all times subject to such additional and/or different information that discovery and/or independent investigation or analysis may disclose. Hetero accordingly reserves the right to modify its responses after it has substantially completed its investigation, and as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

4.      By agreeing to provide information responsive to a particular Interrogatory, Hetero does not admit the relevance or admissibility of the information provided. Nothing contained in any responses herein shall be deemed an admission, concession, or waiver by Hetero as to the relevance, materiality, or admissibility of any information provided in response to the Interrogatories.

5.      Hetero objects to the Interrogatories to the extent they use language incorporating or calling for a legal conclusion or making an erroneous statement of law. Hetero' responses herein

shall be as to matters of fact only and shall not be construed as stating or implying conclusions of law concerning the matters referenced in any Interrogatory.

6. Hetero objects to the Interrogatories to the extent they are not properly limited in subject matter, scope and/or time, employ vague, undefined or uncertain terms or phrases and/or call for investigations or activities the costs or burdens of which are unreasonable under the circumstances.

7. Hetero objects to the Interrogatories to the extent they call for any information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable doctrine, privilege, or immunity, including without limitation, consulting expert privileges, or prepared in anticipation of litigation, such that it would make the information immune or exempt from discovery. The inadvertent disclosure of any such information shall not signify any intent by Hetero to waive such privilege, protection, or immunity. Inadvertent disclosure of information that is subject to such privilege, protection, or immunity in response to any of the Interrogatories shall not constitute or be deemed to constitute a waiver of such privilege, protection, or immunity.

8. Hetero objects to the Interrogatories to the extent that they call for trade secrets, commercially sensitive materials, or other privileged, confidential, proprietary, or financial information, the release of which is likely to be injurious to Hetero.

9. Hetero objects to the Interrogatories to the extent the information requested constitutes confidential and/or proprietary information belonging to third parties with whom Hetero has entered into non-disclosure or confidentiality agreements that prohibit disclosure by Hetero of the third-party's confidential and/or proprietary information.

10. Hetero objects to Plaintiff's definition of "identify" as unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and further to the extent that it seeks to impose requirements and discovery obligations on Hetero beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11. Hetero objects to the Interrogatories to the extent they seek information that is neither relevant to the subject matter of the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12. Hetero objects to Plaintiff's instructions purporting to describe the manner in which Hetero is to respond to an Interrogatory. Hetero will respond to the Interrogatories in conformity with the Federal Rules of Civil Procedure.

13. Hetero reserves the right to supplement these General Objections.

14. These responses are made solely for the purposes of discovery in the present litigation. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competence, relevance, authenticity, propriety, materiality and admissibility of any answer to an Interrogatory; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any answer or information provided in response to the Interrogatory; all objections on any ground to any Interrogatory for further responses to these or other discovery requests; and any and all other objections and grounds that would or could require or permit the exclusion of any information, document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at a hearing in this litigation.

## SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1**

Describe with full particularity the circumstances surrounding any consideration(s), preparation(s), and/or decision(s) by or on behalf of Defendants to file Defendants' ANDA, including identifying: all bases for that decision; all information considered in making that decision; all documents and things concerning that decision; all persons involved in making that decision, including a description of each person's respective involvement in that decision, and the dates of their involvement in such a decision; and all persons involved in and the persons most knowledgeable of, the preparation and/or filing of Defendants' ANDA, including all amendments, supplements, and revisions thereto, and describe the role each such person played in such preparation and/or filing. This response should identify (a) all persons who participated in any research, study, or analysis of the product that is the subject of the ANDA; (b) all persons who participated in the decision to prepare and file the ANDA; and (c) all persons who participated in the preparation, drafting, revision, and/or filing of the ANDA, and for each such person, state (if known) an address and telephone number where that person may be contacted.

**RESPONSE TO INTERROGATORY NO. 1**

In addition to the General Objections, Hetero objects to this Interrogatory as being compound, consisting of several discrete subparts comprising multiple questions improperly joined together in one interrogatory. Hetero objects to this Interrogatory the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26. Hetero objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in this action. Specifically, with respect to infringement, that inquiry in the ANDA context "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*,

5

212 F.3d 1241, 1248 (Fed. Cir. 2000). Hetero's ANDA defines the product described therein in a way that directly addresses the question of infringement in this case. Hetero further objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 2**

For Defendants' ANDA Product, describe in detail, the research, testing, studies (including but not limited to studies related to establishing bioequivalence and potential formulation), development, and manufacturing work associated therewith, including, without limitation, identifying the following: the dates of any research, testing, development, and manufacturing work conducted by, on behalf of, or at the direction of Defendants that resulted in Defendants' ANDA Product and a description of that work; all project names, codes and other designations used to refer to or identify that work; the location at which that work was carried out or is being done; each person or group in charge of or having primary responsibility for carrying out that work; the person or persons who, individually or collectively, have the most complete knowledge of that work; all documents and things relating to or recording that work; and each patent, publication, or other source of information relied upon or utilized in any way in that work. For each person identified in Your response, state (if known) an address and telephone number where that person may be contacted.

**RESPONSE TO INTERROGATORY NO. 2**

In addition to the General Objections, Hetero objects to this Interrogatory as being compound, consisting of several discrete subparts comprising multiple questions improperly joined together in one interrogatory. Hetero objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26, in that it seeks the identification of the persons most knowledgeable concerning the facts

6

underlying the efforts requested in this Interrogatory. The identification of the persons regarding the subject matter of the Interrogatory is too burdensome for Hetero and does not provide Plaintiffs with anything of value beyond the identification of one individual. The identification of the persons that "have the most complete knowledge" is overly broad and vague.

Hetero further objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in this action. Specifically, with respect to infringement, that inquiry in the ANDA context "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000). Hetero's ANDA defines the product described therein in a way that directly addresses the question of infringement in this case; therefore, any other documents or information, including testimony from Hetero witnesses, are irrelevant to the infringement inquiry. *Id.* at 1248-49.

Subject to the General Objections and the foregoing specific objections, Hetero states that it has produced its ANDA, and, pursuant to Federal Rule of Civil Procedure 33(d), answers to this Interrogatory may be identified by Plaintiffs from the ANDA. The burden for Hetero to go through and identify information sought in this Interrogatory from Hetero's ANDA is the same as it would be for Plaintiffs. Hetero further states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents showing the research and development for its ANDA Product.

**INTERROGATORY NO. 3**

Identify and describe with full particularity all cyclophosphamide-containing formulations that Defendants considered for Defendants' ANDA Product or for filing any ANDA or NDA applications, including NDA applications filed pursuant to § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act, by describing and identifying the components and amounts of each component of the formulation; any testing conducted by, on behalf of, or at the direction of Defendants on the

formulation, including but not limited to testing on the stability of the formulation or in comparison with any other cyclophosphamide-containing formulation, including but not limited to any other lyophilized or liquid cyclophosphamide-containing formulation.

**RESPONSE TO INTERROGATORY NO. 3**

In addition to its General Objections, Hetero objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense. In particular, such comparisons are not relevant to infringement or validity of the patent-in-suit. Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order.

Subject to the General Objections and the foregoing specific objections, Hetero states that it has produced its ANDA, and, pursuant to Federal Rule of Civil Procedure 33(d), answers to this Interrogatory may be identified by Plaintiffs from the ANDA. The burden for Hetero to go through and identify information sought in this Interrogatory from Hetero's ANDA is the same as it would be for Plaintiffs. Hetero further states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents showing the research and development for its ANDA Product.

**INTERROGATORY NO. 4**

Describe with full particularity the function of each component in Defendants' ANDA Product over the shelf life of the product, including with respect to the stability of the product, the way in which they perform those function(s), the result of including those components in Defendants' ANDA Product, and Defendants' decision to include each component in Defendants' ANDA Product, including consideration and/or rejection of alternative excipients, and all testing or experimentation done with respect to the use or amount of each component in Defendants' ANDA Product.

**RESPONSE TO INTERROGATORY NO. 4**

In addition to its General Objections, Hetero objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense. In particular, such comparisons are not relevant to infringement or validity of the patent-in-suit. Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order.

Subject to the General Objections and the foregoing specific objections, Hetero states that it has produced its ANDA, and, pursuant to Federal Rule of Civil Procedure 33(d), answers to this Interrogatory may be identified by Plaintiffs from the ANDA. The burden for Hetero to go through and identify information sought in this Interrogatory from Hetero's ANDA is the same as it would be for Plaintiffs. Hetero further states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents showing the research and development for its ANDA Product.

**INTERROGATORY NO. 5**

Describe with full particularity Defendants' first awareness of the '952 patent, including the date on which Defendants first became aware of the '952 patent, the circumstances under which Defendants became aware of the '952 patent, and any actions Defendants took as a result of that awareness, including the identity of all persons with knowledge concerning those circumstances, and the identity of all documents relating to those circumstances. For each person identified in Your response, state (if known) an address and telephone number where that person may be contacted.

**RESPONSE TO INTERROGATORY NO. 5**

In addition to its General Objections, Hetero objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense. In particular, such comparisons are not relevant to infringement or validity of the patent-in-suit. Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the

extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order. Hetero further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26, in that it seeks the identification of all persons with knowledge The identification of all persons regarding the subject matter of the Interrogatory is too burdensome for Hetero and does not provide Plaintiffs with anything of value beyond the identification of one individual. The identification of "all persons with knowledge" is overly broad and vague.

**INTERROGATORY NO. 6**

State whether there was any novelty, patentability, validity, enforceability, due diligence, or freedom-to-operate search, evaluation, or investigation conducted by, on behalf of, or at the direction of Defendants, with respect to the '952 patent and any related patent or patent applications, including but not limited to any predecessor, continuing, and foreign counterpart applications of the '952 patent, and any applications claiming priority to the '952 patent or whose benefit is claimed in the '952 patent; and, if so, identify when such search, evaluation, or investigation was conducted, the individuals involved in such search, evaluation or investigation, and the conclusions reached from such search, evaluation, or investigation.

**RESPONSE TO INTERROGATORY NO. 6**

In addition to the General Objections, Hetero objects to this Interrogatory as being compound, consisting of several discrete subparts comprising multiple questions improperly joined together in one interrogatory. Hetero objects to this Interrogatory the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, in

11

violation of Rule 26. Hetero objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in this action. Specifically, with respect to infringement, that inquiry in the ANDA context "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000). Hetero's ANDA defines the product described therein in a way that directly addresses the question of infringement in this case. Hetero further objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 7**

Identify all persons involved in the preparation of Defendants' Notice Letter and Defendants' Paragraph IV Certification, and for each such person, state (if known) an address and telephone number where that person may be contacted and describe in detail the nature of his or her involvement.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the General Objections, Hetero objects to this Interrogatory as being compound, consisting of several discrete subparts comprising multiple questions improperly joined together in one interrogatory. Hetero objects to this Interrogatory the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26. Hetero objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in this action. Specifically, with respect to infringement, that inquiry in the ANDA context "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000). Hetero's ANDA defines the product described therein in a way that directly addresses the question of infringement in this case. Hetero further objects to this

Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 8**

Identify all efforts undertaken by Defendants (including, but not limited to reverse engineering and design around efforts) to determine whether the product that is the subject of Defendants' ANDA infringes the Patent in Suit, including the dates of each such effort.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the General Objections, Hetero objects to this Interrogatory as being compound, consisting of several discrete subparts comprising multiple questions improperly joined together in one interrogatory. Hetero objects to this Interrogatory the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26. Hetero objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in this action. Specifically, with respect to infringement, that inquiry in the ANDA context "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000). Hetero's ANDA defines the product described therein in a way that directly addresses the question of infringement in this case. Hetero further objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 9**

Describe with full particularity all factual and legal bases for Defendants' assertions that the '952 Patent is invalid and not infringed. Your response should include, but in no way be limited to an explanation of Your statement at page 5 of Defendant's Notice Letter that "A person of skill in the art looking at the claims and specification would not be able to determine what "stable"

13

means with reasonable certainty because there are multiple ways, impurities, and conditions that the claimed composition could be stable."

**RESPONSE TO INTERROGATORY NO. 9**

In addition to its General Objections, Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order.

Subject to the General Objections and the foregoing specific objections, Hetero states that the patent-in-suit is invalid and that the manufacture, use, sale, or offer for sale in the United States or importation into the United States of Hetero's ANDA Products will not infringe any valid Asserted Claim for at least the reasons set forth in its July 31, 2024 notice letter.

**INTERROGATORY NO. 10**

Identify each person who provided information that was considered or relied upon in responding to these interrogatories, identifying the interrogatory or interrogatories for which the person provided information. For each person identified in Your response, state (if known) an address and telephone number where that person may be contacted.

**RESPONSE TO INTERROGATORY NO. 10**

In addition to its General Objections, Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order.

Subject to the General Objections and the foregoing specific objections, Hetero incorporates by reference its initial disclosures, including any supplementations thereto.

**INTERROGATORY NO. 11**

State whether Defendants have ever tested, or authorized the testing of, their proposed ANDA Product or Plaintiff's commercial cyclophosphamide product for the presence of any impurities following storage for 7 days at 40 ° C and 75% relative humidity, and if so, provide the date of the testing, the name of the individual who carried out the testing, and the results of the testing.

**RESPONSE TO INTERROGATORY NO. 11**

In addition to its General Objections, Hetero objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense. In particular, such comparisons are

15

not relevant to infringement or validity of the patent-in-suit. Hetero also objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Hetero objects to this Interrogatory to the extent that it seeks information that is protected by privilege, including the attorney/client, work product, and/or common interest privilege. Hetero will not provide privileged information. Hetero further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). Hetero further objects to the extent this Interrogatory seeks premature expert discovery and legal contentions before the dates mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order. Hetero also objects that this Interrogatory is compound and improperly combines what should be multiple interrogatories into one, and exceeds the limit allowed under the Federal Rules of Civil Procedures and this Court's Scheduling Order. Hetero further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Rule 26, in that it seeks the identification of all persons with knowledge The identification of all persons regarding the subject matter of the Interrogatory is too burdensome for Hetero and does not provide Plaintiffs with anything of value beyond the identification of one individual. The identification of "all persons with knowledge" is overly broad and vague.

Subject to the General Objections and the foregoing specific objections, Hetero states that it has produced its ANDA, and, pursuant to Federal Rule of Civil Procedure 33(d), answers to this Interrogatory may be identified by Plaintiffs from the ANDA. The burden for Hetero to go through and identify information sought in this Interrogatory from Hetero's ANDA is the same as it would be for Plaintiffs.

16

| | |
|---|---|
| Dated: March 5, 2025 | */s/ Kenneth L. Dorsney* |
| | Kenneth L. Dorsney (#3726) |
| | Cortlan S. Hitch (#6720) |
| OF COUNSEL: | MORRIS JAMES LLP |
| | 500 Delaware Ave., Ste. 1500 |
| Neal Seth | Wilmington, DE 19801-1494 |
| Wesley E. Weeks | (302) 888-6800 |
| WILEY REIN LLP | kdorsney@morrisjames.com |
| 2050 M St. NW | chitch@morrisjames.com |
| Washington, DC 20036 | |
| (202) 719-7000 | *Attorneys for Defendants* |
| nseth@wiley.law | *Hetero USA, Inc., Hetero Labs Ltd.,* |
| wweeks@wiley.law | *and Hetero Labs Ltd. Unit-VI* |