# EXHIBIT A

# UNREDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI,<br><br>    Defendants. | C.A. No. 1:24-cv-01025-JLH |

**DEFENDANTS HETERO USA, INC., HETERO LABS LTD., AND
HETERO LABS LTD. UNIT-VI'S FIRST SET OF REQUESTS
FOR PRODUCTION TO PLAINTIFF (Nos. 1-13)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the District of New Jersey, Defendants Hetero USA, Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-VI and Hetero USA, Inc. (collectively, "Hetero" or "Defendants") request that Plaintiff Ingenus Pharmaceuticals, LLC ("Ingenus" or "Plaintiff") produce the Documents and Things specified below within thirty (30) days of service to the offices of Wiley Rein, 2050 M. Street N.W., Washington, D.C. 20036, or at such time and place as may be mutually agreed upon by the parties. These requests are continuing and impose upon Plaintiff the obligations of Federal Rule of Civil Procedure 26(e). The definitions and instructions herein apply to all requests. The definitions and instructions herein apply to all requests.

**DEFINITIONS**

1. "Ingenus" means Ingenus Pharmaceuticals, LLC, and all past and present parents, subsidiaries, members, divisions, affiliates, partners, and joint ventures, together with any person or entity, past or present, acting or purporting to act on their behalf, including past and present

1

officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers.

2. "Defendant" and "Hetero" means Hetero USA, Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-VI and Hetero USA, Inc.

3. "Ingenus's Cyclophosphamide product" means the pharmaceutical composition that contains cyclophosphamide as the active pharmaceutical ingredient as described in New Drug Application No. 212501.

4. "ANDA" means Abbreviated New Drug Application.

5. "IND" means Investigational New Drug Application.

6. "NDA" means New Drug Application.

7. "DMF" means Drug Master File.

8. "FDA" means Food and Drug Administration.

9. "Defendant's ANDA" means ANDA No. 219271, including all amendments, supplements, and additions thereto.

10. The term "Prior Art" encompasses, by way of example, and without limitation, the subject matter described in every subdivision of AIA 35 U.S.C. §102(a) and/or pre-AIA 35 U.S.C. §§ 102 and 103.

11. The term "Asserted Patent" means U.S. Patent No. 10,993,952, any other patent asserted at a later time in this action, and the application(s) from which these patents issued or to which they claim priority.

12. The terms "Related Applications" or "Related Patents" shall mean every foreign or U.S. patent application (e.g., provisional, continuation, continuation-in-part, divisional, reexamination proceedings, reissue, or inventor's certificate) whether abandoned, pending, or

published, and every foreign or domestic patent granted based thereon, that directly or indirectly claims any priority to the Asserted Patent (or applications resulting in the Asserted Patent), or to which the Asserted Patent claims priority.

13. The term "Inventor" means any combination of, or all named inventors on the Asserted Patent.

14. "Document" means every writing, whether an original, a draft, or a copy, however produced or reproduced, and everything from which information can be processed or transcribed. The term includes all things meeting the definitions of "writings" and "recordings" in Federal Rule of Evidence 1001 and is coextensive in scope with the meaning of "Document" in Federal Rule of Civil Procedure 34. Any Document with marks such as initials, comments, or notations is not identical to one without such marks and is to be produced and identified as a separate Document not identical to one without such marks and is to be produced and identified as a separate Document.

15. "Communication(s)" means the transmittal of information in any form, including any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, instant messages, text messages, computer files, electronic or magnetic media, or other Documents containing such transmittal.

16. "Thing" means any physical specimen or other item other than a Document, including without limitation devices, designs, plans, physical objects, samples, products, components, prototypes, models, specimens, photographs, and any audio, video, or digital recordings.

17. "Concerning" and "regarding" mean in any way, directly or indirectly, considering, mentioning, involving, underlying, modifying, amending, confirming, endorsing, recording,

defining, covering, describing, evidencing, constituting, pertaining to, reflecting, referring to, relating to, representing, supporting, qualifying, terminating, revoking, canceling, negating, or having any connection with the matter discussed.

18. "Person" means any natural person or business, legal, or governmental entity or association.

19. "And" and "or" are construed either disjunctively or conjunctively as necessary to bring within the scope of a request all Documents and/or Things that might otherwise be construed to be outside of its scope.

20. "Third party" and/or "third parties" mean any natural person and/or any business, legal, and/or governmental entity and/or association other than Plaintiff and/or Defendant and, where applicable, their current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents, subsidiaries, predecessors and/or affiliates or any of them.

21. The use of the singular form of any word includes the plural and vice versa.

22. "API" means active pharmaceutical ingredient.

23. "USPTO" means the United States Patent and Trademark Office.

24. "Orange Book" means the Approved Drug Products with Therapeutic Equivalence Evaluations available at the FDA's website at https://www.fda.gov/drugs/drug-approvals-and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book.

25. "Civil Action No. 1:22-cv-02868" refers to *Ingenus Pharmaceuticals, LLC v. Nexus Pharmaceuticals, Inc.*, Civil Action No. 1:22-cv-02868 (N.D. Ill.).

26. "Civil Action No. 1:23-cv-00377" refers to *Ingenus Pharmaceuticals, LLC and Leiutis Pharmaceuticals LLP v. Accord Healthcare Inc.*, Civil Action No. 1:23-cv-00377 (D. DE).

## INSTRUCTIONS

1. These requests are continuing and impose upon Plaintiff the obligations of Federal Rule of Civil Procedure 26(e) and any applicable local rules to serve supplemental and amended responses as Plaintiff acquire additional knowledge, information, Documents, or Things relating to these requests.

2. These requests cover all Documents and Things in Plaintiff's possession, custody, or control including all Documents and Things in the possession, custody, or control of Plaintiff's attorneys.

3. In responding to these requests, Plaintiff should identify those Documents and Things it will produce for inspection and copying. If Plaintiff objects to a particular request, Plaintiff should state the precise grounds on which their objection rests.

4. For any Document or Communication withheld from production on any basis, including attorney-client privilege or the work product doctrine, Plaintiff should serve a separate list of all such Documents or Communications, and the list should identify the following: (a) the date the Document bears, if any, and, if different, the date on which the Document was created; (b) the nature, type, and subject matter of the Document, and its title, if any (e.g., draft letter, final letter, legal opinion, report, memorandum, chart, email, etc.); (c) the name, business address, and business affiliation of every person who drafted, wrote, produced, executed, signed, edited, reviewed, revised, or otherwise participated in creating, amending, or modifying the Document; (d) the name, business address, and business affiliation of every person who received the Document, or any copy thereof, or learned of its contents; (e) the number of pages of the Document; (f) the name, business address, and business affiliation of every person who has possession, custody, or control of the Document or any copy thereof; and (g) the precise basis for withholding the Document.

5. All Documents should be produced in or with their original file folders, file jackets, and covers if Plaintiff produces original physical Documents and Things for inspection. All electronic Documents should be produced in their original folder structure to the extent applicable and possible.

6. All Documents should be produced with images of their original file folders, enveloped, and covers if Plaintiff produces either physical or electronic copies of original Documents and Things.

7. If Plaintiff is aware that a Document or Thing once existed, but has been destroyed, Plaintiff should identify the Document or Thing, the date the Document or Thing was destroyed, the reason for the destruction, and the circumstances under which the destruction occurred.

8. If Plaintiff is aware of any Document or Thing responsive to these requests, but which is no longer in Plaintiff's custody or control, Plaintiff should identify the Document or Thing and state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) have been otherwise disposed of. For each such Document or Thing, Plaintiff should detail the circumstances surrounding the disposition.

9. Plaintiff should identify the source for each such Document produced by identifying the person from whom the Document was obtained, or otherwise by identifying the location from which the Document was collected.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Sworn testimony, declarations, and deposition transcript(s) of all expert witnesses in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

**REQUEST FOR PRODUCTION NO. 2:**

Sworn testimony, declarations, and deposition transcript(s) of Plaintiff's fact witnesses in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

**REQUEST FOR PRODUCTION NO. 3:**

Plaintiff's interrogatory responses served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including appendices and supplemental responses thereto.

**REQUEST FOR PRODUCTION NO. 4:**

All documents produced in discovery in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

**REQUEST FOR PRODUCTION NO. 5:**

Plaintiff's responses to requests for admission served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including supplemental responses thereto.

**REQUEST FOR PRODUCTION NO. 6:**

All expert reports served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including exhibits, any supplements thereto, and any documents produced.

**REQUEST FOR PRODUCTION NO. 7:**

All contentions and claim charts served in Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377, including exhibits, any supplements thereto, and any documents produced.

**REQUEST FOR PRODUCTION NO. 8:**

All hearing transcripts related to claim construction from Civil Action No. 1:22-cv-02868 and Civil Action No. 1:23-cv-00377.

**REQUEST FOR PRODUCTION NO. 9:**

All contentions, claim charts, and expert reports regarding cyclophosphamide and/or the Asserted Patent served in any other litigation or legal proceeding, including exhibits, any supplements thereto, and any documents produced.

**REQUEST FOR PRODUCTION NO. 10:**

All hearing transcripts related to claim construction regarding cyclophosphamide and/or the Asserted Patent in any other litigation or legal proceeding.

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to claim construction of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to the invalidity of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to the indefiniteness of any terms of the Asserted Patent from Civil Action No. 1:22-cv-02868, Civil Action No. 1:23-cv-00377, and any other litigation or legal proceeding.

Dated: January 8, 2025

OF COUNSEL:
Neal Seth
Wesley E. Weeks
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
(202) 719-7000
nseth@wiley.law
weeks@wiley.law

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants
Hetero USA, Inc., Hetero Labs Ltd.,
and Hetero Labs Ltd. Unit-VI*

9