# EXHIBIT B

# UNREDACTED
# PUBLIC VERSION

**From:** Weinstein, Corey <CWeinstein@wiley.law>
**Sent:** Wednesday, April 2, 2025 2:13 PM
**To:** Rachuba, L Roman <lrachuba@sughrue.com>; Morgan M. Daughton <mdaughton@skjlaw.com>; Cortlan S. Hitch (CHitch@morrisjames.com) <CHitch@morrisjames.com>; Emily Greek (Para) <EGreek@morrisjames.com>; Kenneth L. Dorsney (KDorsney@morrisjames.com) <KDorsney@morrisjames.com>; Seth, Neal <NSeth@wiley.law>; Weeks, Wesley <WWeeks@wiley.law>
**Cc:** Daniel A. Taylor <DAT@skjlaw.com>; Callahan, John T. <Jcallahan@sughrue.com>; Cooper, Luke W. <lcooper@sughrue.com>; Dzwonczyk, Michael R. <mdzwonczyk@sughrue.com>; Neal C. Belgam <NCB@skjlaw.com>
**Subject:** RE: Case 1:24-cv-01025-JLH, Ingenus Pharmaceuticals, LLC v. Hetero USA, Inc., et al.

Roman,

We dispute your characterization of our conversation but are nevertheless addressing the issues raised in your email below.

**Hetero's Requests**

First, we do not agree that the production of publicly available briefs and court orders satisfies your obligations in response to Request Nos. 8 (hearing transcripts related to claim construction) and 11 (claim construction). We do not expect that much, if any, of this information would include confidential information. But, even if it does, our Stipulated Protective Order (ECF 25) explicitly contemplates that the production of third-party information can be designated with the appropriate confidentiality designation. Yet you have not even sought permission from the parties in C.A. Nos. 1:22-cv-02868 and 1:23-cv-00377. To the extent you continue to refuse with your discovery obligations, we will raise this matter with the Court.

Second, as we have explained before, the cases you rely upon in an attempt to thwart litigation support our position that the documents sought in our first Requests must be produced. *Allegheny Cnty. Employees' Ret. Sys. v. Energy Tranfer LP* specifically states that a party can seek discovery of "specific categories of documents sought" that are "relevant to its claims and defenses." 2022 WL 17339035, at *3 (E.D. Pa. Nov. 30, 2022).  The court therefore ordered that documents with a "substantial overlap" be produced. *Id.* at *3-6. That is precisely what Hetero seeks here. The categories of documents are relevant to its claims and defenses and have a substantial overlap – the same drug and the same patent with the same claims asserted.

Similarly the Eastern District of Pennsylvania determined that documents produced in a previous litigation that related to the plaintiff or the asserted patent should be produced:

> This request appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, to the extent that such documents have not been produced, this Court grants plaintiffs' motion to compel

*Schreiber v. Eli Lilly & Co.*, No. 05-CV-2616, 2006 WL 8462374, at *2 (E.D. Pa. Aug. 24, 2006). The court also granted the motion to compel as to "the production of affidavits, declarations, and transcripts of testimony that concern raloxifene for certain individuals." *Id.* Here, too, the Requests seek such information from the fact witnesses and experts designated by Ingenus in other cases. *See* Request Nos. 1 and 2.

To the extent you continue to refuse to produce the requested information in response to all of Hetero's First Requests for Production, Hetero intends to raise this matter with the Court. We would appreciate your confirmation that you are standing by your objections no later than end of day Thursday and provide proposed dates for next week, so we can reach out to the Court on Friday. We have already met and conferred on these issues and will move forward with requesting a hearing with the Court.

**Ingenus's Discovery**

Hetero is reviewing its interrogatory responses and will supplement as necessary. Similarly, Hetero is in the process of gathering documents and will then supplement any responses.

In response to your specific requests:

1) Hetero does not have any documents related to projected sales, marketing, or advertising.
2) The only comparative testing done by Hetero is in the already-produced ANDA.
3) With respect to samples, Hetero is willing to produce 10 vials from each exhibit batch of each strength. Please note that the samples expired in 2024. Please provide specific shipping instructions.



Corey Weinstein
Attorney at Law
cweinstein@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.7110
Download V-Card | wiley.law | Bio

---

**From:** Rachuba, L Roman <lrachuba@sughrue.com>
**Sent:** Tuesday, March 25, 2025 11:27 AM
**To:** Weinstein, Corey <CWeinstein@wiley.law>; Morgan M. Daughton <mdaughton@skjlaw.com>; Cortlan S. Hitch (CHitch@morrisjames.com) <CHitch@morrisjames.com>; Emily Greek (Para) <EGreek@morrisjames.com>; Kenneth L. Dorsney (KDorsney@morrisjames.com) <KDorsney@morrisjames.com>; Seth, Neal <NSeth@wiley.law>; Weeks, Wesley <WWeeks@wiley.law>
**Cc:** Daniel A. Taylor <DAT@skjlaw.com>; Callahan, John T. <Jcallahan@sughrue.com>; Cooper, Luke W. <lcooper@sughrue.com>; Dzwonczyk, Michael R. <mdzwonczyk@sughrue.com>; Neal C. Belgam <NCB@skjlaw.com>
**Subject:** RE: Case 1:24-cv-01025-JLH, Ingenus Pharmaceuticals, LLC v. Hetero USA, Inc., et al.

External Email

---

Corey,

Before we provide our edits to your draft, and further to my email of last night, please let us know: (1) which of Defendants' RFPs you intend to seek Court intervention on; (2) whether Defendants have any authority to support their position; (3) whether Defendants will produce samples and/or COAs for Plaintiff's RFP Nos. 40-41; and (4) whether Defendants have in their possession: (i) (projected) sales, marketing, or advertising documents on Defendant's ANDA product, and (ii) documents related to any testing, including comparative testing of its ANDA product.

Given these uncertainties, and the fact that Defendants have not yet shared their invalidity contentions, we think it may be premature to seek Court intervention. Please also let us know if Defendants would be willing to postpone seeking Court intervention until after April 21st.

Sincerely,

Roman