

Kenneth L. Dorsney
302.888.6800
kdorsney@morrisjames.com

June 10, 2025

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
Unit 17, Room 6312
844 North King Street
Wilmington, DE 19801-3555

**Re:** *Ingenus Pharmaceuticals, LLC v. Hetero USA, Inc. et al.*
C.A. No. 24-1025-JLH

Dear Judge Hall,

This firm, along with Wiley Rein LLP, represents Defendants Hetero Labs Limited and Hetero Drugs Limited (collectively "Hetero"). We write to request a status conference at the Court's earliest convenience to discuss the impact of the Northern District of Illinois's final judgment against Plaintiff Ingenus Pharmaceuticals, LLC ("Ingenus"),[1] holding that the claims of U.S. Patent No. 10,993,952 ("the '952 patent") are invalid. Ingenus does not oppose this request. Ingenus also does not oppose Hetero filing a motion for summary judgment on the grounds that Ingenus is collaterally estopped from asserting infringement in this case by the final judgment of invalidity in the Northern District of Illinois.

On May 9, 2025, the Northern District of Illinois issued a Memorandum Opinion and Order granting Defendant Nexus Pharmaceuticals, Inc.'s motion seeking summary judgment of invalidity of all claims of the '952 patent. *See* Ex. A, D.I. 215. The court entered final judgment of invalidity on May 9, 2025. D.I. 216. Ingenus filed a Notice of Appeal on June 2, 2025. D.I. 219

The claims of the '952 patent that were invalidated by the Northern District of Illinois are the same claims that are asserted against Hetero in this litigation.[2] As the Federal Circuit has made clear, "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the

---

[1] Counsel for Hetero is unavailable until June 19, 2025, due to a previously scheduled vacation and requests that the status conference be scheduled after this date, if possible.

[2] This patent was also the subject of another litigation, now settled, between Ingenus and Accord Healthcare, Inc. that was assigned to Your Honor. *See* Case No. 1:23-cv-00377-JLH.

invalidity decision under the principles of collateral estoppel." *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (quoting *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994)). Following the Federal Circuit's clear instruction, the District of Delaware routinely applies collateral estoppel to claims held invalid by other courts. *Biogen Int'l GmbH v. Amneal Pharms. LLC*, 487 F. Supp. 3d 254, 262-68 (D. Del. 2020); *Wireless Discovery LLC v. eHarmony, Inc.*, 654 F.Supp.3d 360 (D. Del., 2023); *IBM v. Rakuten, Inc.*, 2022 WL 17848779, No. 21-461-GBW, ECF 230 (D. Del., Dec. 22, 2022). The claims asserted against Hetero in this case are the same claims that were held invalid by the Northern District of Illinois, and collateral estoppel should apply.

Ingenus's appeal of the Northern District of Illinois judgment has no impact on the application of collateral estoppel in this case because the "law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co.*, 170 F.3d at 1381 (quoting *Deposit Bank v. Board of Councilmen of City of Frankfort*, 191 U.S. 499 (1903)); *see also PureWick Corp. v. Sage Prods., LLC*, No. 22-cv-102, 2023 WL 2734779, at *11 (D. Del. Mar. 31, 2023) ("[T]he pendency or possibility of an upcoming appeal in *PureWick I* is likewise no basis for a stay here. Collateral estoppel applies regardless.").

\*   \*   \*

In light of the Northern District of Illinois's final judgment of invalidity of the '952 patent, Hetero is similarly entitled to a final judgment of invalidity in this case. Resolving this issue now will avoid wasting both the Court's and the parties' resources. Hetero therefore requests a status conference with the Court to discuss the appropriate next steps in this litigation.

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)

cc: All Counsel of Record (via CM/ECF and electronic mail)