IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HETERO USA, INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-VI, <br><br> Defendants. | C.A. No. 24-1025-JLH |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion to Stay (D.I. 49) and Defendants' Motion for Summary Judgment of Invalidity (D.I. 69). For the reasons below, Plaintiff's motion is denied, and Defendants' motion is granted.

**I.   BACKGROUND**

The Court writes primarily for the parties and assumes familiarity with the case. The following facts are undisputed. On June 1, 2022, Plaintiff Ingenus Pharmaceuticals, LLC ("Ingenus") and another entity asserted infringement of U.S. Patent No. 10,993,952 (the "'952 patent") against Nexus Pharmaceuticals, Inc. in the Northern District of Illinois (the "*Nexus* Court"). Ingenus was represented by the same counsel as in this case. The defendant moved for summary judgment on the grounds that all claims of the '952 patent are invalid as indefinite. On May 9, 2025, the *Nexus* Court issued an opinion concluding that all claims are invalid as indefinite. *Ingenus Pharms., LLC v. Nexus Pharms., Inc.*, No. 22-02868, 2025 WL 1359357 (N.D. Ill. May 9, 2025). The *Nexus* Court entered judgment for the defendant and against Ingenus. Ingenus appealed to the Federal Circuit, and that appeal is pending.

In the meantime, on September 11, 2024, Ingenus filed this case, which asserts infringement of the '952 patent against Defendants Hetero USA, Inc., Hetero Labs Ltd., and Hetero Labs Ltd. Unit-VI ("Hetero"). After the *Nexus* Court entered judgment, Ingenus moved to stay this action. (D.I. 49.) Ingenus argues that a stay will "simplify issues for trial" and that Hetero will not suffer undue prejudice. (D.I. 50 at 2–3.) Hetero opposes the motion, primarily arguing that Ingenus is collaterally estopped from asserting the '952 patent and that the Court should therefore enter judgment for Hetero. (D.I. 60.)

I held a status conference on July 3, 2025, and ordered the parties to meet and confer to negotiate a stipulated judgment that would preserve the parties' rights in the event the Federal Circuit reversed the *Nexus* Court. I granted Hetero leave to move for summary judgment on the issue of collateral estoppel if the parties could not agree to a stipulated entry of judgment. (D.I. 67 at 15:24–18:13.) The parties could not agree (D.I. 66), and Hetero moved for summary judgment (D.I. 69).

## II.    LEGAL STANDARDS

A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

This Court applies the law of the Third Circuit to the question of whether a patentee is collaterally estopped by another district court's judgment of invalidity. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 n.4 (Fed. Cir. 1999). The Third Circuit has identified "four standard requirements" for applying collateral estoppel: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully

2

represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal quotations omitted). The Third Circuit has also considered "whether the party being precluded [from relitigating the issue] had a full and fair opportunity to litigate the issue in question in the prior action, . . . and whether the issue was determined by a final and valid judgment." *Id.* (internal quotations and citations omitted).

### III.  DISCUSSION

Drawing all reasonable inferences in favor of the nonmoving party and not making any credibility determinations or weighing the evidence, I conclude that Ingenus is collaterally estopped from asserting the '952 patent in this case. First, the parties don't dispute that the identical issue—the validity of the '952 patent—was previously litigated. Second, the question of invalidity was actually litigated in the *Nexus* Court. Third, the *Nexus* Court's determination of invalidity for indefiniteness was necessary to its judgment in favor of the defendant in that case. And fourth, Ingenus was fully represented by counsel in the *Nexus* Court.

Ingenus argues that the *Nexus* Court's judgment was not a "final judgment" because (i) the *Nexus* Court "relied on the papers and did not hear evidence or argument;" (ii) the *Nexus* Court's "opinion expressed confusion about specific arguments and [Ingenus's expert evidence];" (iii) Ingenus has appealed the *Nexus* Court's ruling; (iv) if this Court grants summary judgment on the basis of collateral estoppel and Hetero launches but the Federal Circuit later reverses the *Nexus* Court, Ingenus might not be able to recover all of its damages; and (v) the *Nexus* Court entered judgment for the defendant without giving Ingenus a chance to ask for reargument. (D.I. 73 at 7–10.) I agree with Hetero that none of those things affect the "finality" of the *Nexus* Court's judgment. The *Nexus* Court issued an eighteen-page opinion concluding that the claims of the '952 patent were invalid for indefiniteness, and it entered judgment for the defendant on that basis

3

and closed the case. That satisfies the requirement for finality. To the extent that Ingenus's arguments are really directed towards the question of whether the prior finding of invalidity was correct, this Court is not permitted to answer that question. *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 709 (Fed. Cir. 1983) (explaining that "an inappropriate inquiry [when determining whether to apply collateral estoppel] is whether the prior finding of invalidity was correct").

Ingenus next contends that it did not have a full and fair opportunity to litigate the issue of indefiniteness because the *Nexus* Court "misinterpreted," "did not understand," and "misapprehen[ded]" the '952 patent and the science. (D.I. 73 at 11–17.) For support, Ingenus cites *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971), where the Supreme Court said that courts can consider whether the previous court "wholly failed to grasp the technical subject matter and issues in suit." *Id.* at 333–34. Subsequent case law, however, has made clear that "a district court's inquiry into whether the plaintiff was afforded a full and fair opportunity to litigate is quite narrow and does not involve a judgment on the merits." *Pharmacia*, 170 F.3d at 1380. The record reflects that Ingenus was represented in the prior case by the same counsel as in this case. Ingenus had an opportunity to oppose the prior defendant's motion for summary judgment of indefiniteness, and the *Nexus* Court cited to the appropriate legal standards and relevant expert evidence in rendering its decision. There is no basis for this Court to say that Ingenus was not accorded a full and fair opportunity to be heard.

For the reasons above, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Summary Judgment (D.I. 69) is GRANTED.

2. Plaintiff's Motion to Stay (D.I. 49) is DENIED.

3. The Clerk of Court is directed to enter Judgment in favor of Defendants and against Plaintiff.

Dated: October 21, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE